IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36961-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DAVID KALANI GRAY | ) | |
| aka DAVID KALANI TYACKE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — David Kalani Gray appeals his judgment and sentence for felony driving under the influence (DUI). We affirm.

FACTS

The Okanogan County sheriff stopped Mr. Gray after a concerned citizen called 911 and reported Mr. Gray for driving erratically. Among other things, the concerned citizen saw Mr. Gray swerving over the roadway and driving up onto a sidewalk, where he struck a retaining wall. While responding to the call, the sheriff also observed some erratic driving, although he did not witness any violations of the rules of the road.

When the sheriff contacted him, Mr. Gray appeared disoriented. He smelled of intoxicants. His eyes were bloodshot and watery. His speech was slurred. Field sobriety tests indicated an impairment consistent with intoxication.

The sheriff asked Mr. Gray to perform a voluntary portable breath test (PBT); he declined. Mr. Gray was then arrested for DUI.

At the jail, Mr. Gray was questioned further and also offered an evidentiary breath test (EBT). Mr. Gray admitted to a modest amount of drinking, but denied he had been driving. He declined the EBT. Mr. Gray was then booked and cited for DUI.

The State charged Mr. Gray with felony DUI based on his prior conviction for vehicular assault. The case proceeded to a jury trial. The State presented testimony from the 911-caller and the sheriff. During his testimony, the sheriff told jurors Mr. Gray refused both the PBT and the EBT. During the PBT testimony, both the prosecutor and the sheriff emphasized that Mr. Gray was within his right to refuse testing.

In summation, the State referenced Mr. Gray's refusal to take a breath test. Although the State did not explicitly state whether the refusal pertained to the PBT or EBT, the State referenced the refusal while discussing Mr. Gray's jail interview. That was the time period when Mr. Gray was offered the EBT.

The jury convicted Mr. Gray as charged. At sentencing, the parties submitted a stipulated statement of criminal history. The stipulation was signed by the prosecutor, defense counsel, and Mr. Gray. In addition to his signature, Mr. Gray initialed an acknowledgement that "each of the listed criminal convictions contained within this document count in the computation of the offender score and sentencing range." Clerk's Papers at 127. Based on the stipulation, the court calculated Mr. Gray's offender score as a 9+, resulting in a standard range of 63 to 84 months. Mr. Gray received a sentence near the bottom of this range.

Mr. Gray appeals.

## ANALYSIS

*Sufficiency of the evidence*

Mr. Gray claims the evidence at trial was insufficient to justify the jury's guilty verdict. We disagree. The evidence at Mr. Gray's trial not only permitted the jury's finding of guilt, *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017) (appellate review of a sufficiency challenge asks whether, "viewing the evidence in the light most favorable to the State," any rational trier of fact "could find the elements of the charged crime beyond a reasonable doubt"), it was overwhelming. The uncontradicted trial evidence showed Mr. Gray was driving in an erratic manner and exhibited obvious

3

signs of intoxication immediately after exiting his vehicle. While there was no evidence

of Mr. Gray's blood alcohol concentration, this was not required for conviction. *See*

RCW 46.61.502(1)(c). Mr. Gray's challenge to the evidence's sufficiency fails.

*PBT refusal*

For the first time on appeal, Mr. Gray claims the sheriff's testimony regarding his

PBT refusal violated his constitutional right not to have the exercise of a constitutional

right be used against him at trial. *See City of Vancouver v. Kaufman*, 10 Wn. App. 2d 747,

763-64, 450 P.3d 196 (2019). Generally, errors not raised at the time of trial are not

preserved for appellate review. RAP 2.5(a). There is an exception for manifest

constitutional errors. RAP 2.5(a)(3). But to be manifest an error it "must have practical

and identifiable consequences apparent on the record that should have been reasonably

obvious to the trial court." *State v. O'Hara*, 167 Wn.2d 91, 108, 217 P.3d 756 (2009).

Here, there was no manifest constitutional error. Although the sheriff mentioned

Mr. Gray's PBT refusal during trial, it was not obviously admitted as substantive

evidence of guilt. The PBT refusal was only given brief mention and both the prosecutor

and the sheriff clarified that Mr. Gray was simply exercising his rights. It was the EBT

refusal, not the PBT refusal that was referenced in the State's summation as indicative of

4

guilt. This reference was constitutionally permissible. *State v. Baird*, 187 Wn.2d 210, 226, 386 P.3d 239 (2016).

Even if the brief reference to the PBT refusal constituted manifest constitutional error, it was nevertheless harmless beyond a reasonable doubt. The PBT refusal was cumulative of the later EBT refusal. As such, there was no reasonable possibility that the jury relied on the PBT evidence in reaching its guilty verdict. *See State v. Guloy*, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985). Furthermore, the overwhelming strength of the State's case stemmed not from the evidence of test refusal, but the affirmative signs of intoxication: Mr. Gray's erratic driving, odor of intoxicants, slurred speech, and poor performance on field sobriety tests. His challenge on constitutional grounds fails.

*Offender score value*

Mr. Gray argues that the State did not prove his offender score because the statement of criminal history presented at sentencing included old offenses that could have washed out under RCW 9.94A.525(2). This claim fails because Mr. Gray affirmatively acknowledged his offender score by initialing the criminal history statement that all listed offenses could be properly included in his offender score. *State v. Ross*, 152 Wn.2d 220, 233, 95 P.3d 1225 (2004) (defendant's "affirmative acknowledgement" that a conviction may be used in offender score calculation relieves state of burden of proof).

No. 36961-7-III
*State v. Gray*

The State was therefore relieved of its burden to prove that various listed offenses had not washed out. If Mr. Gray's stipulation was signed in error, then this is something that must be raised in a personal restraint petition, supported by accompanying admissible facts. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). It is not a matter for direct review.

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.